IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:11 CR 557 |
|          Plaintiff, | ORDER DENYING RELEASE WHILE SECTION 2255 MOTION |
| -vs- | IS PENDING |
| Dylan R. Marshall, | JUDGE JACK ZOUHARY |
|          Defendant. | |

### INTRODUCTION

Pending before this Court is Defendant Dylan Marshall's Motion to Continue Release (Doc. 45) while his recently filed Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 49) remains pending. For the reasons stated below, Defendant's Motion to Continue release is denied. Defendant may have been required to report today, but in light of confusion surrounding the recent filings and rulings, this Court orders Defendant's report date extended to not sooner than **December 29, 2014**.

### DISCUSSION

Defendant pled guilty to receiving child pornography from the time he was age 15 until he was 20. This Court varied downward and sentenced Defendant to the statutory mandatory minimum sentence of 60 months of incarceration. *See* 18 U.S.C. § 2252(b)(1). This Court varied downward in part because Defendant suffers from a rare physiological condition called Human Growth Hormone Deficiency. *See United States v. Marshall*, 870 F. Supp. 2d 489 (N.D. Ohio 2012).

In sentencing Defendant, this Court also expressed reservations about whether the mandatory minimum could be applied to this Defendant because he "had the mental capacity of a minor both at the time the crime was committed and at the time of sentencing." *Id.* at 492. Despite the expressed reservations, this Court found it was compelled by the statute imposed by Congress and precedent in this Circuit to impose the mandatory-minimum sentence. *Id.* at 499–500. The Sixth Circuit affirmed Marshall's conviction and sentence. *United States v. Marshall*, 736 F.3d 492 (6th Cir. 2013).

The Sixth Circuit has noted that it is within the district court's discretion to grant release pending a petition for habeas corpus. *Nash v. Eberlin*, 437 F.3d. 519, 526 n.10 (6th Cir. 2006). "[C]ourts have inherent authority to grant release to a petitioner while a Section 2255 proceeding is pending . . . ." *Fonseca v. United States*, 129 F. Supp. 2d 1096, 1098–99 (E.D. Mich. 2001); *see also Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir.1990). While "the petitioner must meet a more stringent standard than in a . . . motion [for release pending appeal]," *Fonseca*, 129 F. Supp. 2d at 1099, relief is within the discretion of the court in which the petition is filed. A defendant seeking release pending a Section 2255 motion must establish the motion raises a substantial claim and that exceptional circumstances exist. *See Dotson*, 900 F.2d at 79.

Defendant's Section 2255 Motion is premised on ineffective assistance of trial counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), for not fully investigating Defendant's medical condition and for not moving to withdraw Defendant's guilty plea. This Court finds this claim does not raise a substantial question of law or fact. Defendant would have to prove that no competent counsel would have taken the actions that his counsel took and that, but-for the alleged incompetent actions, the outcome would be different. Defendant cannot show it was unreasonable for trial counsel to not withdraw a guilty plea, especially given the potential significant incarceration time Defendant

2

faced under the Sentencing Guidelines. Further, Defendant has not established the Government would have offered Defendant a more favorable plea bargain had trial counsel presented the Government with evidence of Defendant's condition.

## CONCLUSION

Because Defendant has not established his Section 2255 Motion poses a substantial question of law, his Motion to Continue Release (Doc. 45) is denied. Defendant is to report to begin his sentence no sooner than **December 29, 2014**. This Court will consider the merits of Defendant's Section 2255 Motion after it is fully briefed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 10, 2014